NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the matter of: BETSEY WARREN LEBBOS. | No. 09-15668 |
| | D.C. No. 2:08-cv-01896-FCD |
| BETSEY WARREN LEBBOS, | |
| Appellant, | MEMORANDUM[*] |
| v. | |
| LINDA SCHUETTE, | |
| Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted October 25, 2011[**]

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

Betsey Warren Lebbos appeals pro se from the district court's order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Accordingly, Lebbos's "Waiver of Argument," filed on October 19, 2009 is denied as moot.

affirming the bankruptcy court's order of February 13, 2008 awarding attorney's fees and costs to chapter 7 bankruptcy trustee Linda Schuette as a sanction against Lebbos, and the bankruptcy court's order of June 18, 2008 awarding additional costs to Schuette as the prevailing party. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's orders. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We must consider jurisdiction sua sponte. *Greene v. United States (In re Souza)*, 795 F.2d 855, 857 n.1 (9th Cir. 1986). We affirm in part, vacate in part, and remand.

The bankruptcy court did not abuse its discretion by awarding Schuette costs in its order of June 18, 2008. *See* Fed. R. Bankr. P. 7054(b) (stating that the bankruptcy court may award costs to the prevailing party in an adversary proceeding unless otherwise prohibited by federal or bankruptcy law); *see also* 28 U.S.C. § 1920 (listing recoverable costs).

The district court lacked subject matter jurisdiction to review the February 13, 2008 order awarding attorney's fees and costs because the notice of appeal was untimely as to that award. *See In re Souza*, 795 F.2d at 857 (stating that a notice of appeal must be filed within the time provided by Fed. R. Bankr. P. 8002 and "[t]he untimely filing of the notice of appeal is jurisdictional"). Accordingly, we remand to the district court with instructions to vacate the portion of its decision reviewing

the February 13, 2008 order.  *See id.* at 858.

Lebbos's remaining contentions are unpersuasive.

Schuette shall recover her costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**